57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert L. WILLIAMS, Defendant-Appellant.
 No. 93-5605.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Jan. 10, 1995.
Decided June 8, 1995.
 
 Randolph M. Lee, Charlotte, NC, for Appellant.
 Mark T. Calloway, United States Attorney, William A. Brafford, Assistant United States Attorney, Charlotte, NC, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert L. Williams was found guilty by a jury of fourteen counts of bank fraud and aiding and abetting same, and tampering with a witness and aiding and abetting same, in violation of 18 U.S.C.A. Secs. 1344, 1512(b) (West Supp.1994). On appeal, by counsel, Williams claims error by the district court in denying his motion to suppress certain evidence used against him at trial,* and the district court's denial of his motion to dismiss on the ground of a violation of Williams's Sixth Amendment speedy trial rights. In addition, Williams filed with this Court a motion for leave to file a supplemental pro se brief, raising various additional claims that: (1) his statutory and constitutional rights to a speedy trial were violated; (2) Government agents effected egregious due process violations on him; (3) the trial court did not properly assess his ability to pay restitution; (4) his sentence was plainly erroneous; and (5) his defense counsel was ineffective. For the reasons discussed below, we affirm the district court's rulings, and affirm Williams's conviction.
 
 
 2
 At trial, evidence was introduced against Williams in the form of falsified certificates of birth, marriage, and baptism used by Williams and others to obtain fictitious North Carolina special identification cards, which were then used to defraud banks throughout North and South Carolina in 1990 and 1991. It was this evidence Williams sought to suppress.
 
 
 3
 Specifically, Richard McCullough, who had worked for Williams as a driver for six to eight months during 1991, had a green tote bag given to him by Williams to hold until Williams needed the bag again. The bag had a broken zipper, with safety pins holding it partially closed. According to McCullough's trial testimony, the bag was sufficiently open for him to see and recognize the contents as evidence of Williams's illegal activities.
 
 
 4
 After McCullough had kept the bag for about three weeks, he was arrested for possession of a stolen car, a charge to which he subsequently pled guilty. In connection with a plea bargain on that charge, McCullough agreed to talk with police about Williams's illegal activities. While in custody, McCullough went to his girlfriend's apartment where he was staying, retrieved the tote bag from his bedroom closet, and turned the partially open bag and its contents over to the police. Included in the contents of the bag were falsified certificates of marriage and baptism and falsified identification cards with Williams's photograph.
 
 
 5
 Because the contents of the tote bag were identified first by McCullough, who turned them over to the police, and because the contents of the partially open bag were easily visible, Williams had no legitimate expectation of privacy that was violated by the seizure. See United States v. Jacobsen, 466 U.S. 109, 119 (1984). Moreover, the police reasonably acted upon apparently valid consent in seizing the partially open tote bag voluntarily given to them by McCullough, after he took it from his bedroom closet. See Illinois v. Rodriguez, 497 U.S. 177, 185-86 (1990); United States v. Kinney, 953 F.2d 863, 866-67 (4th Cir.), cert. denied, 60 U.S.L.W. 3842 (U.S.1992). Accordingly, we affirm the district court's decision to deny Williams's motion to suppress the evidence taken from that bag.
 
 
 6
 We likewise affirm the district court's denial of Williams's motion to dismiss based on his claim that his Sixth Amendment right to a speedy trial was violated. We find that a seven month delay, five months of which was spent determining whether Williams was fit to stand trial, does not rise to the level of a Sixth Amendment speedy trial violation. See Doggett v. United States, 60 U.S.L.W. 4741, 4742 n. 1 (U.S.1992) (a delay approaching one year is a threshold for finding unreasonable delay).
 
 
 7
 Finally, we have fully considered the additional issues Williams raised pro se (enumerated above), and find them to be without merit. Accordingly, we affirm Williams's conviction and sentence. We grant Williams's motions to file a pro se supplemental brief, and to file a lesser number of briefs, and deny his motions for production of documents, for "Temporary Loan of the Transcript," for oral argument, and, in light of the disposition of this appeal, for bail pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Government has alleged on appeal that Williams waived his right to appeal the district court's denial of his motion to suppress on the ground that the motion was filed after the time limit imposed by the district court's pre-trial order. We find the cases cited by the Government in support of this allegation to be clearly distinguishable. We further find that this Court has jurisdiction to consider this issue on appeal in this case, because the motion to suppress was clearly filed prior to trial as required by Fed.R.Crim.P. 12(b)(3), and the district court, in considering the merits of the motion despite the fact it was filed after the pre-trial order deadline, apparently decided that Williams established cause for relief from waiver